# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: April 29, 2020

Ms. Debra A. Breneman
Mr. Luke A. McLaurin
Office of the U.S. Attorney
800 Market Street, Suite 211
Knoxville, TN 37902

Ms. Jennifer Niles Coffin
Federal Defender Services
800 S. Gay Street
Suite 2400
Knoxville, TN 37929

Ms. Erin P. Rust
Federal Defender Services
835 Georgia Avenue
Suite 600
Chattanooga, TN 37402

Re: Case No. 17-6495, *USA v. Tony McClurg*
Originating Case No. : 3:12-cr-00112-1

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. John L. Medearis

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0234n.06

No. 17-6495

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellant, | ) ) | |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE EASTERN DISTRICT OF |
| TONY EDWIN MCCLURG, | ) | TENNESSEE |
|  | ) | |
| Defendant-Appellee. | ) | |

**FILED**
Apr 29, 2020
DEBORAH S. HUNT, Clerk

BEFORE: DAUGHTREY, GIBBONS, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. Tony McClurg pleaded guilty to being a felon in possession of a firearm. Counting his prior Tennessee aggravated-burglary convictions as "violent felonies" under the Armed Career Criminal Act, the district court sentenced McClurg to the statutory minimum 15-year term of imprisonment. A few years later, our caselaw on the Armed Career Criminal Act changed, so the district court concluded that McClurg's prior convictions no longer qualified as "violent felonies." The court granted McClurg's motion to vacate his sentence under 28 U.S.C. § 2255 and ordered his immediate release. Since then, however, our caselaw has changed yet again. As in many other recent cases, therefore, we must reverse the decision granting McClurg § 2255 relief and remand for the court to reinstate his original 180-month sentence. *See United States v. Brown*, __ F.3d __, 2020 WL 1966845, at *1 (6th Cir. Apr. 24, 2020).

I

In 2012, McClurg pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Armed Career Criminal Act imposes a 15-year mandatory minimum sentence for this offense if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense or both, committed on occasions different from one another[.]" 18 U.S.C. § 924(e)(1). At the time of his plea, McClurg had three Tennessee convictions for aggravated burglary that qualified as violent felonies under our caselaw. *See United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). (McClurg also had two Tennessee burglary convictions that now count as violent felonies under our cases. *See United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017); *United States v. Priddy*, 800 F.3d 676, 684–85 (6th Cir. 2015).) Cognizant that he would be deemed an armed career criminal, McClurg accepted a plea agreement with the government under Federal Rule of Criminal Procedure 11(c)(1)(C) that included the minimum 180-month sentence. The district court imposed that recommended sentence in February 2013.

In June 2014, McClurg moved to vacate his sentence under 28 U.S.C. § 2255. While his motion was pending, our en banc court overruled *Nance* and held that "a conviction for Tennessee aggravated burglary is not a violent felony for purposes of the" Armed Career Criminal Act. *United States v. Stitt*, 860 F.3d 854, 856 (6th Cir. 2017) (en banc). Based on *Stitt*, the parties agreed that the Act no longer applied to McClurg, but they disagreed over what his revised sentence should be. The district court vacated McClurg's original sentence and resentenced him to time served. McClurg was released from prison the next day. In the more than two-year pendency of this appeal, he has been on supervised release.

The United States appealed the district court's grant of § 2255 relief to preserve its ability to argue for the original sentence if the Supreme Court overruled our *Stitt* decision. The Court did

2

No. 17-6495, *United States v. McClurg*

so. *See United States v. Stitt*, 139 S. Ct. 399 (2018). We have since ruled that "*Nance*'s holding" that a Tennessee aggravated-burglary conviction categorically qualifies as a violent felony under the Armed Career Criminal Act "is once again the law of this circuit." *Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019).

II

The United States asks us to vacate McClurg's amended sentence and remand for the district court to impose his original 180-month sentence. Following *Brumbach*, we have entered similar judgments in many similar cases. *See Brown*, 2020 WL 1966845, at *2 (collecting cases). McClurg, however, offers four reasons why we should affirm the district court's order granting him § 2255 relief. His arguments track those recently rejected by our *Brown* decision. *See id.* at *2–8. They fail for the same reasons.

*First*, McClurg suggests that the United States forfeited its argument because it presented the argument in a cursory manner in the district court. Yet the government properly conceded that our *Stitt* decision compelled the district court to grant relief under § 2255, and preserved the issue for future review. The district court "note[d] the government's objection" at the resentencing hearing, and the government did not need to do more under the circumstances.

*Second*, McClurg argues that Tennessee aggravated burglary cannot qualify as a "burglary" under the Armed Career Criminal Act because it covers more conduct than the conduct covered by the Supreme Court's generic definition of the term. But, as McClurg concedes, *Brumbach* rejected this same "entry" argument as precluded by our decision in *Nance*. 929 F.3d at 795. And we recently explained that this argument would fail on its merits even if it were not foreclosed by precedent. *See Brown*, 2020 WL 1966845, at *3–7.

3

*Third*, McClurg argues that both Tennessee burglary and aggravated burglary should not qualify as a "burglary" within the meaning of the Armed Career Criminal Act because an individual could commit those Tennessee offenses with only *reckless* conduct, *see* Tenn. Code Ann. § 39-14-402(a)(3), whereas generic burglary under the Act requires an "intent to commit a crime." *See Taylor v. United States*, 495 U.S. 575, 599 (1990). Even assuming we may consider this argument, *but see Brown*, 2020 WL 1966845, at *7, the argument provides McClurg no grounds for relief. Tennessee's burglary statute is "divisible," meaning that it criminalizes four different offenses set out in subsections (a)(1), (a)(2), (a)(3), and (a)(4). Tenn. Code Ann. §§ 39-14-402(a), 39-14-403; *see United States v. Frazier*, 742 F. App'x 81, 84 (6th Cir. 2018). McClurg was indicted for and convicted of violating the (a)(1) offense, not the (a)(3) offense that his argument targets. *See Brown*, 2020 WL 1966845, at *7.

*Shepard* documents for McClurg's five prior convictions prove this point. They show that he pleaded guilty to violating the (a)(1) offense. Although his four indictments and one information do not explicitly cite a subsection, they track the text of § 39-14-402(a)(1). The aggravated-burglary indictments charged that McClurg "did unlawfully and knowingly enter the habitation of [his victims] without [their] effective consent, not open to the public, with intent to commit theft, in violation of Tennessee Code Annotated, Section 39-14-403[.]" And the burglary charging documents alleged that McClurg did "unlawfully and knowingly enter . . . a building other than a habitation, which was not open to the public, without the owner's effective consent, with intent to commit theft, in violation of Tennessee Code Annotated, Section 39-14-402[.]" Each judgment, moreover, lists "SAME" for the conviction offense, indicating that he pleaded guilty as charged.

McClurg resists this interpretation, but he has not met his burden to show "by a preponderance of the evidence" that his prior convictions were not violent felonies. *Packett v. United States*,

4

738 F. App'x 348, 352 (6th Cir. 2018). He contends that "it is possible" that he pleaded guilty only to reckless offenses. But his arguments—that the plea agreements are not available, that his attorney's signature is missing from the optional signature line on several of the judgments, and that the judgments were entered a week after the sentences were imposed—rest on speculation. In particular, a plea agreement is unnecessary for us to conclude that McClurg pleaded guilty as charged. Each judgment refers to the corresponding indictment offense, leaves the space for "Amended Charge" blank, and lists the "Conviction offense" as "SAME." McClurg was thus convicted of violating the (a)(1) version of the Tennessee aggravated burglary and burglary offenses. *See United States v. Hibbit*, 514 F. App'x 594, 597–98 (6th Cir. 2013).

As we recently explained, the (a)(1) version of the Tennessee burglary offense closely tracks the Supreme Court's definition of generic burglary: the "unlawful . . . entry into . . . a building or other structure, with intent to commit a crime." *Stitt*, 139 S. Ct. at 405–06 (citation omitted); *see Brown*, 2020 WL 1966845, at *7. So McClurg's burglary and aggravated-burglary convictions qualify as violent felonies under the Armed Career Criminal Act.

*Fourth*, McClurg argues that his predicate convictions were not "committed on occasions different from one another," as the Armed Career Criminal Act requires. 18 U.S.C. § 924(e)(1). He forthrightly concedes that our precedent forecloses his broad argument: that we may never look to the dates and locations listed in his state-court records to decide whether a defendant committed the burglaries on different occasions. *See United States v. Hennessee*, 932 F.3d 437, 444 (6th Cir. 2019); *see also Brown*, 2020 WL 1966845, at *8. McClurg more narrowly argues that his state-court records do not show that his three aggravated burglaries and two burglaries happened on different occasions. The United States says that he procedurally defaulted this argument, but we can reject it on the merits. *Cf. Storey v. Vasbinder*, 657 F.3d 372, 380 (6th Cir. 2011). McClurg

5

cannot show by a preponderance of the evidence that three of his prior convictions occurred on the same occasion.

McClurg's qualifying convictions were committed on different occasions. As he concedes, we may look to his state-court charging documents to decide the question. *See United States v. King*, 853 F.3d 267, 275–76 (6th Cir. 2017). In one indictment, McClurg was charged with burglarizing Cary J. Loud's residence on February 1, 1997. A second indictment charged McClurg with burglarizing Kenneth C. Hicks's residence on February 5, 1997. An information charged McClurg with burglarizing a building on February 15, 1997 (although the judgment indicates that McClurg in fact committed this burglary on February 2, 1997). A third indictment charged McClurg with burglarizing the Lone Oak Baptist Church on February 16, 1997. And a fourth indictment charged McClurg with burglarizing Marion F. Everett's residence on March 17, 1997. The corresponding judgments all confirm that the offenses were committed on different dates. *See United States v. Southers*, 866 F.3d 364, 369–70 (6th Cir. 2017). The "terms of the charging document[s]," *King*, 853 F.3d at 276 (citation omitted), thus show that the three aggravated burglaries and two burglaries happened on different occasions, *see Southers*, 866 F.3d at 369–70.

We acknowledge the hardship that uncertainty in our caselaw has created for McClurg. The law ties our hands, however. We vacate the district court's judgment resentencing McClurg and remand with instructions to reinstate his original sentence.