UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>                   Plaintiff, <br> v. <br> TONY EDWIN McCLURG, <br>                   Defendant. | No. 3:12-cr-112 <br> Judge Varlan |

**RESPONSE TO DEFENDANT'S MOTION
FOR SELF-REPORT DATE AND
CREDIT FOR TIME ON SUPERVISED RELEASE**

The United States partly opposes McClurg's motion asking this Court to (1) allow him to self-report to the Bureau of Prisons no earlier than November 1, 2020, and (2) reduce his custodial sentence by the amount of time he served on supervised release. (Doc. 51, Motion.) The United States acquiesces in McClurg's request to self-report to the Bureau of Prisons and defers to the Court's discretion about what date may be appropriate. But this Court has no authority to reduce McClurg's custodial sentence to credit him for time he was not in custody, so that portion of his motion must be denied.

**Background**

Defendant McClurg was classified and sentenced as an armed career criminal based on his prior Tennessee convictions for two burglaries and three aggravated burglaries. (Doc. 24, Judgment.) After the Sixth Circuit held that aggravated burglary was not a violent felony, *United States v. Stitt*, 860 F.3d 854, 856 (6th Cir. 2017) (*en banc*), the Court granted McClurg § 2255 relief and resentenced him to time served—approximately 63 months—thereby releasing him from custody to begin his term of supervised release. (Doc. 34, Memorandum Opinion; Doc. 42, Amended Judgment.) The United States appealed to the Sixth Circuit and also

successfully appealed the underlying circuit precedent to the Supreme Court. *See United States v. Stitt*, 139 S. Ct. 399 (2018). The Sixth Circuit has now vacated this Court's grant of § 2255 relief and remanded for this Court to reinstate the original sentence. (Doc. 48, Sixth Circuit Opinion at 1, 6; Doc. 50, Mandate.)

**Discussion**

McClurg was released from custody early only because this Court, led astray by the Sixth Circuit's decision in *Stitt*, misapprehended the legality of the 180-month, armed-career-criminal sentence it originally imposed. Now that the Supreme Court has overruled *Stitt* and the Sixth Circuit has unequivocally confirmed that McClurg is, in fact, an armed career criminal based on his five prior burglary convictions, the original sentence must be reinstated, no matter how "uncomfortable" it may be for this Court to "reinstate the sentence of a freed man." *United States v. Poole*, 531 F.3d 263, 275 (4th Cir. 2008); *see also United States v. Cook*, 238 F.3d 786, 789 (6th Cir. 2001) ("lower courts [must] adhere to the commands of a superior court") (quoting *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). Because reinstatement of a prior sentence is neither complex nor time-consuming, this Court should not delay to implement the Sixth Circuit's mandate. Indeed, that court previously chided a district court that "took no action" for years after a grant of § 2255 relief had been reversed on appeal. *United States v. Sanders*, 452 F.3d 572, 575 (6th Cir. 2006); *see also id*. at 581 n.7 ("We in no way condone . . . the district court's decision to delay resentencing"). Moreover, given the limited nature of the remand, no hearing is required or appropriate: this Court need only enter an amended judgment identical to the original. *See*, *e.g.*, *United States v. O'Dell*, No. 3:14-cr-91 (E.D. Tenn. June 30, 2020) (Reeves, J.) (doing precisely that in a similarly-situated case).

1. <u>This Court has discretion to allow McClurg to self-report to custody.</u>

Congress specifically contemplated the possibility that a defendant who is not in custody may be permitted to self-surrender for service of his sentence. 18 U.S.C. § 3146(a)(2); *see also* 18 U.S.C. § 3141(b) (referencing release "pending imposition or execution of sentence"). The determination whether to allow a defendant to self-report rests within a district court's discretion. *E.g.*, *United States v. Rainey*, 480 F. App'x 842, 845 (6th Cir. 2012) (describing self-surrender as a "discretionary benefit[]" conferred by a district court). Here, McClurg was previously released by this Court's order, but must return to custody for the remainder of his original armed-career-criminal sentence. Allowing him to self-report to the Bureau of Prisons would be well within this Court's discretion, especially in light of current events.

The coronavirus that causes COVID-19 has created a global pandemic. The United States has over 3.1 million confirmed and presumed positive cases of COVID-19, and 132,855 people have already died as a result of the virus. *See* COVID-19: U.S. at a Glance, Centers for Disease Control and Prevention, *available at* https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (accessed July 10, 2020). In light of that pandemic, the Bureau of Prisons (BOP) has implemented numerous preventive and mitigation measures to safeguard the health of the individuals in its custody: "maintaining [the] safety and security of [its] institutions is [its] highest priority." Updates to BOP COVID-19 Action Plan, Federal Bureau of Prisons, *available at* https://www.bop.gov/resources/news/20200319_covid19_update.jsp (accessed July 10, 2020). Those measures include limiting access to and movement within BOP facilities, screening inmates and staff, quarantining those at risk or who display symptoms of COVID-19, isolating symptomatic inmates, conducting mass testing in certain facilities, and transferring more inmates to home confinement. *E.g.*, BOP Implementing Modified Operations, Federal

3

Bureau of Prisons, *available at* https://www.bop.gov/coronavirus/covid19_status.jsp (accessed July 10, 2020); COVID-19 Home Confinement Releases, Federal Bureau of Prisons, *available at* https://www.bop.gov/coronavirus/ (accessed July 10, 2020). BOP continues to monitor the pandemic and adjust its practices as needed to maintain the safety of staff and inmates while also fulfilling its mandate of incarcerating all persons sentenced or detained based on judicial orders. In some cases, the Bureau of Prisons has asked the United States to seek a brief postponement of self-report dates so as to minimize the risk of COVID-19. Since then, however, the Bureau of Prisons indicated that it is now accepting new inmates at many of its facilities, so long as it has space for quarantine upon arrival, so as not to introduce COVID-19 into the facility. Given the totality of the circumstances, the United States acquiesces in McClurg's request that he be ordered to self-report on or after November 1, 2020.

2.  <u>This Court has no authority to reduce McClurg's custodial sentence.</u>

McClurg asks this Court to reduce his custodial sentence to "credit" him for the time he spent on supervised release, beginning on November 16, 2017. (Doc. 51, Motion at 5-6 (noting that the Bureau of Prisons will not grant him such credit); *see also* Doc. 51-1, Emails.) But he identifies no legal authority—there is none—that would permit this Court to grant such relief. The fact that the Bureau of Prisons will faithfully "implement" any sentence the Court imposes (Doc. 51-1, Email from Theresa Montoya) does not mean this Court may impose any sentence.

Given the Sixth Circuit's limited remand, this Court cannot revisit McClurg's sentence; it can only reinstate the original 180-month custodial sentence. (Doc. 48, Sixth Circuit Opinion.) And "once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013); *accord Dillon v. United States*, 560 U.S. 817, 825 (2010).

McClurg identifies no statutory authority for the relief he seeks. Instead, Congress made clear that a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spend in *official detention*." 18 U.S.C. § 3583(b) (emphasis added). To count as "official detention," a defendant must be in custody of the Attorney General. *Reno v. Koray*, 515 U.S. 39, (1995). It is incontrovertible that McClurg has not been in the custody of the Attorney General since his release on November 16, 2017. *See* BOP Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed July 10, 2010). Thus, he is not eligible for any credit against his custodial sentence for the time he spent on supervised release. Indeed, even where a defendant overserves a custodial term, he is not entitled to have that excess time credited against a term of supervised release. *United States v. Johnson*, 529 U.S. 53, 59 (2000); *see also id*. at 60 ("The Court . . . erred in treating . . . time in prison as interchangeable with his term of supervised release."). To the extent McClurg may be trying to analogize his situation to one where a court adjusts a custodial sentence to reflect a "period of imprisonment [that] will not be credited to the federal sentence by the Bureau of Prisons," U.S.S.G. § 5G1.3(b)(1), that provision is limited to time in custody for relevant conduct, so it is inapplicable here.

McClurg's appeal for leniency stems from a mistaken assumption that he faces nearly ten more years of "incarceration through no fault of his own." (Doc. 51, Motion at 6.) Yet McClurg was rightly subject to a 180-month statutorily mandated minimum sentence because he possessed firearms after having been convicted of burglary on five separate occasions. That he received a temporary reprieve from that sentence does not entitle him to further relief.

5

Case 3:12-cr-00112-TAV-HBG   Document 55   Filed 07/10/20   Page 5 of 6   PageID #: 621

## Conclusion

In sum, this Court should promptly implement the Sixth Circuit's mandate by reinstating McClurg's original 180-month armed-career-criminal sentence. The Court, in its discretion, may allow McClurg to self-report to custody. But McClurg's request for any other modification of his custodial sentence must be denied.

Respectfully submitted,

J. Douglas Overbey
United States Attorney

by: *s/ Debra A. Breneman*
Debra A. Breneman
Assistant United States Attorney
PA Bar No. 93171
debra.breneman@usdoj.gov
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167