UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:12-CR-112-TAV-HBG-1 |
| TONY EDWIN MCCLURG, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Due to a reversal of the law governing defendant's qualification as an armed career criminal, he faces a return to prison after more than two (2) years on supervised release. Defendant has moved for (1) a self-report date of no earlier than November 1, 2020, and (2) a reduction of his sentence of incarceration by the time he has served on supervised release [Doc. 51]. While the government opposes neither defendant's request to self-report nor his proposed self-report date, it correctly contends that this Court lacks authority to give defendant credit on his prison sentence for his supervised release service [Doc. 55]. Defendant has not replied to the government's response, and the time for doing so has passed. *See* E.D.TN. LR 7.1(a). The Court will **GRANT in part** and **DENY in part** defendant's motion.

Defendant was sentenced to 180 months' imprisonment on February 27, 2013, for being a felon in possession of firearms and ammunition [Doc. 24]. The presentence investigation report ("PSR") identified three (3) previous convictions for a violent felony that qualified defendant as an armed career criminal under the Armed Career Criminal

Act ("ACCA"). All three (3) of those convictions were for aggravated burglary [PSR ¶¶ 25, 26, 27]. As an armed career criminal, defendant was subject to a statutory mandatory minimum incarceration sentence of fifteen (15) years to a maximum of life, and his sentencing range under the United States Sentencing Guidelines was 180 to 210 months [PSR ¶¶ 58, 59]. Defendant later challenged his classification as an armed career criminal, and the Court granted his § 2255 motion to vacate his sentence, finding that defendant no longer qualified in light of the Sixth Circuit's opinion in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), that a Tennessee conviction of aggravated burglary is not an ACCA-predicate offense [Doc. 34 p. 1]. The Court subsequently reduced defendant's sentence to time-served plus three (3) years on supervised release [Doc. 42].

However, the government appealed the Court's amended judgment [Doc. 45], and in April of this year, the Sixth Circuit recognized that because the Supreme Court has overruled the Sixth Circuit's *Stitt* decision, defendant's aggravated-burglary convictions qualify him as an armed career criminal after all [Doc. 48 p. 2–3, 5]. It accordingly vacated this Court's amended judgment and remanded "with instructions to reinstate his original sentence" [Doc. 48 p. 5].

Defendant was released by the Bureau of Prisons ("BOP") on November 16, 2017, and the government does not challenge defendant's assertion that he has "done exceptionally well on supervised release, as indicated by the lack of any modifications or revocations during these two-and-a-half-plus years" [Doc. 51 p. 1–2]. Defendant asserts that his probation officer has reported only one incident of non-compliance, which was

2

addressed and unrepeated, and that the officer has seen nothing to indicate a return to criminal conduct [Doc. 51 p. 3].  Nor does the government oppose defendant's request to self-report to the Bureau of Prisons no earlier than November 1, 2020 [Doc. 55 p. 1, 3–4].

A court may permit a defendant to self-surrender for service of a custodial sentence.  *See* 18 U.S.C. § 3146(a)(2) (providing for punishments for failure to surrender for service of a sentence); *see also* 18 U.S.C. § 3141(b) (providing that a court may order a person released "pending imposition or execution of sentence").  The decision to grant a defendant the privilege of self-reporting is discretionary.  *See United States v. Rainey*, 480 F. App'x 842, 845 (6th Cir. 2012) (describing self-surrender as a "discretionary benefit[]" bestowed by the district court).

Here, defendant has demonstrated an ability to comply with the law and a disposition to respect this Court's orders.  Moreover, both parties recognize that the COVID-19 pandemic has disrupted the Bureau of Prisons' normal operations, preventing it from accepting new inmates at some, if not many, facilities [Doc. 51 p. 2, Doc. 55 p. 3–4].  Additionally, defendant suffers from uncontrolled type 1 diabetes mellitus with hyperglycemia [SEALED Doc. 53-1], which the CDC has identified as a potential risk factor for severe illness from COVID-19.  *See* People of Any Age with Underlying Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medicalconditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#diabetes (last visited July 13, 2020).  And, while the Court

3

acknowledges the extensive measures the BOP has undertaken to contain COVID-19's spread within its facilities,[1] defendant could be exposed to a significant risk of infection with COVID-19 if incarcerated in a facility with a high rate of infection. *See* COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 13, 2020) (reporting, for example, 362 active infections among inmates at FCI Elkton in Lisbon, Ohio). Accordingly, the Court will **GRANT in part** defendant's motion [Doc. 51], in that defendant is **ORDERED** to report to the institution designated by the Bureau of Prisons no later than **Monday, November 2, 2020**, unless he is directed to report at some later date by the Bureau of Prisons or the United States Marshal.

However, the Court will also deny defendant's motion in part because he fails to cite any authority for the Court to reduce his custodial sentence based on his time served on supervised release, and the appellate court's order forecloses the Court's ability to resentence this defendant.

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d

---

[1] BOP Implementing Modified Operations, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 13, 2020) (describing conditions under which BOP has been operating, including suspension of social visits, suspension of inmate movement with limited exceptions, use of screening protocols for staff and inmates, suspension of legal visits with some exceptions that require screening, suspension of official staff travel, suspension of all staff training, with the exception of basic training for new staff, screening procedures for contractors performing essential services, suspension of volunteer visits, suspension of tours, and implementation of modified operations to maximize social distancing); *see also* A BOP COVID-19 Overview, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response (last visited July 13, 2020).

323, 326 (6th Cir. 2010)).  Defendant has cited no statutory authority for modifying his sentence [Doc. 51 p. 5].  Rather, he says failure to give him credit for time served on supervised release "will have the absurd result of lengthening his time under a federal criminal justice sentence," and he attaches an email exchange with counsel for the BOP indicating that the BOP will not award credit but would implement a reduced sentence [*Id.* p. 5–6; Doc. 51-1 p. 1].  As the government contends, the fact that defendant "received a temporary reprieve from [his custodial] sentence does not entitle him to further relief," and the fact that the BOP would faithfully implement a reduced sentence does not mean the Court has the authority to impose one [Doc. 55 p. 4–5].  Indeed, in providing for the calculation of a term of imprisonment, Congress has specified that a defendant shall receive credit toward the service of a term of imprisonment for "any time he has spent in official detention," 18 U.S.C. § 3585(b), and impliedly not for time spent on supervised release.  And, as the government notes [Doc. 55 p. 5], the Supreme Court overruled an appellate court that treated time served in prison beyond a custodial term as "interchangeable with [the defendant's] term of supervised release," stating that supervised release and incarceration fulfill distinct ends.  *United States v. Johnson*, 529 U.S. 53, 59–60 (2000).  Accordingly, the Court cannot give defendant credit on his unserved custodial sentence for the time he has served on supervised release.

      Moreover, the Sixth Circuit's remand order in this case limited the Court's ability to resentence defendant.  The Sixth Circuit has distinguished between general remands, which permit the district court to "redo the entire sentencing process," and a limited

5

remand, which "create[s] a narrow framework within which the district court must operate." *United States v. Richardson*, 948 F.3d 733, 738 (6th Cir. 2020) (quoting *United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012), and *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1997)). "To overcome the presumption that a remand is general, [the Sixth Circuit] must 'convey clearly [its] intent to limit the scope of the district court's review with language that is in effect, unmistakable.'" *Id.* (quoting *United States v. Woodside*, 895 F.3d 894, 899 (6th Cir. 2018)). Here, the appellate court's language clearly limited the scope of its remand: "We . . . remand with instructions to reinstate his original sentence" [Doc. 48 p. 6]. Indeed, if this language were not sufficiently pellucid, its context evinces the appellate court's intent for this Court to re-impose defendant's original custodial sentence without modification. The appellate court "acknowledge[d] the hardship that uncertainty in our caselaw has created for McClurg," but it noted that "[t]he law ties our hands" [Doc. 48 p. 6]. *See also Richardson*, 948 F.3d at 739 (noting that "context is also instructive" for interpreting the scope of a remand).

The law—and the limited scope of the appellate court's remand—similarly tie this Court's hands. Accordingly, defendant's motion [Doc. 51] is **DENIED in part**, in that the Court cannot reduce his custodial sentence in proportion to his time served on supervised release. Yet, as already noted, defendant's motion is **GRANTED in part**, in that defendant is **ORDERED** to report to the institution designated by the Bureau of Prisons no later than **Monday, November 2, 2020**, unless he is directed to report at some later date by the Bureau of Prisons or the United States Marshal. In the meantime, all

conditions of the defendant's supervised release shall continue to apply. The Clerk is **DIRECTED** to send a copy of this Order to the United States Marshals Service.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE